IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICKY A. WALKER,     *
       Petitioner
  v.     *    CIVIL ACTION NO. AMD-06-228

JON P. GALLEY, WARDEN,     *
       Respondent
                               ***

MEMORANDUM

On January 26, 2006, the court received this 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Ricky A. Walker. The petition presents a collateral attack on 1981 convictions entered in the Circuit Court of Maryland for Baltimore City.[1]

Petitioner has previously raised a § 2254 attack on his 1981 convictions for attempted first degree rape, assault, burglary, and carrying a weapon with intent to injure. In *Walker v. Conroy*, Civil Action No. AMD 99-236 (D. Md.), the undersigned denied and dismissed the petition with prejudice. The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *See Walker v. Conroy*, 203 F.3d 825, 2000 WL 95236 (4th Cir. Jan. 28, 2000) (per curiam).[2]

The relevant statute, 28 U.S.C. §2244(b)(3)(A), provides that:

> Before a second or successive application permitted by this section
> is filed in the district court, the applicant shall move in the

---

[1] According to petitioner, he was found guilty of attempted first degree rape, common law assault, burglary, and a weapons charge and sentenced to life plus forty-three years. Paper No. 1.

[2] The court dismissed a second § 2254 petition without prejudice as successive on January 18, 2005. *See Walker v. Galley*, Civil Action No. AMD-05-67 (D. Md. 2005). Petitioner did not appeal that decision, but did file a motion for authorization to file a successive application with the Fourth Circuit. *See In re Walker*, CA-05-134 (4th Cir. 2005). The motion was denied on February 24, 2005.

> appropriate court of appeals for an order authorizing the district court to consider the application.

A petitioner may file a second or successive habeas corpus petition only if he or she has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The circuit court must enter an order authorizing the district court to consider any new § 2254 action filed by petitioner. 28 U.S.C. § 2244(b)(3)(A);[3] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*).

The pending petition appears to be a second and successive one which petitioner has filed attacking his 1981 convictions.[4] Petitioner asks that the court not consider this new action as a successive matter because: (1) a decision with regard to his ex post facto claim has never been reached by this court; (2) he unsuccessfully attempted to reopen his state post-conviction petition; (3) he has met the "cause and prejudice" standard; and (4) the state courts did not address the merits of the issues he has presented. The court finds these arguments unavailing.[5]

---

[3] Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[4] The petitioner references a state petition for habeas corpus that was denied by Baltimore City Circuit Court Judge Wanda Heard in September 2004. Petitioner also takes issue with the post-conviction hearing process before Baltimore City Circuit Court Judge David Young in 1996, alleging that his post-conviction process was fundamentally unfair and he was denied effective assistance of post-conviction counsel.

[5] The general rule is that a new federal habeas corpus petition is a "second or successive habeas corpus application," for purposes of § 2244(b), if it raises claims that were or could have been adjudicated on their merits in an earlier habeas petition. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *United States v. Barrett*, 178 F.3d 34, 45 (1st Cir. 1999); *Vancleave v. Norris*, 150 F.3d 926, 928-29 (8th Cir. 1998).

There is no showing that petitioner has complied with the aforementioned "gatekeeper" provision and obtained an authorization order from the Fourth Circuit. Therefore, this petition for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the "motion" are comprehensive.  Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the procedure to be followed should  petitioner wish to seek authorization in the appellate court to file a successive § 2254 petition.  It is to be emphasized that petitioner must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

Accordingly, a separate Order will be entered dismissing the petition without prejudice and without requiring a response.


Filed: January 30, 2006                             __/s/_____
                                                    Andre M. Davis
                                                    United States District Judge